**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Thomas Das, | ) | No. CV 12-00486-PHX-FJM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JPMorgan Chase Bank, N.A.; Seterus Inc.; | ) | |
| PMI Inc.; Mortgage Electronic | ) | |
| Registration Systems Inc.; John Doe, as | ) | |
| Trustee for the Investors in an as yet | ) | |
| unidentified Residential Mortgage Backed | ) | |
| Security; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

We have before us defendant JPMorgan Chase Bank, N.A.'s ("Chase") motion to dismiss (doc. 5), for itself and as successor to defendants Chase Home Finance LLC and Mortgage Electronic Registration Systems, Inc. ("MERS"). We also have before us defendant's notice of errata (doc. 6), plaintiff's response (doc. 9), and defendant's reply (doc. 10).

On April 10, 2006, plaintiff borrowed $169,750 to purchase a home in Fountain Hills, Arizona. This debt was evidenced by a promissory note and secured by a deed of trust. The deed of trust names Chase as the original lender and trustee. In 2010, Chase assigned the deed of trust to MERS, care of Seterus Inc. ("Seterus"). In 2011, MERS assigned the deed of trust to Federal National Mortgage Corporation ("Fannie Mae"), a non-party. A substitution of trustee, naming First American Title Insurance Company as trustee, was signed on August 15, 2011.

1    Plaintiff defaulted on his loan payments and a notice of trustee's sale was recorded on

2  August 17, 2011.  Plaintiff filed this action in the Superior Court of Arizona in Maricopa

3  County on November 18, 2011, the same day a trustee's sale occurred.  Defendants removed

4  on March 8, 2012 and now move to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P.

5    To survive a 12(b)(6) motion to dismiss, a complaint must contain "enough facts to

6  state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.

7  544, 570, 127 S. Ct. 1955, 1974 (2007).  "A claim has facial plausibility when the plaintiff

8  pleads factual content that allows the court to draw the reasonable inference that the

9  defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129

10  S. Ct. 1937, 1949 (2009).  Dismissal under Rule 12(b)(6) may be "based on the lack of a

11  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

12  theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

13    Plaintiff argues defendants cannot establish they were "holders" of his note or entitled

14  to enforce the note and thus they cannot foreclose.  Judges of this court "have routinely held

15  that Plaintiff's 'show me the note' argument lacks merit." Diessner v. Mortg. Elec.

16  Registration Sys., 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (quoting Mansour v. Cal-

17  Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009)).  "Arizona's non-

18  judicial foreclosure statute does not require presentation of the original note before

19  commencing foreclosure proceedings." Id.  In this state, proof that a party is entitled to

20  enforce an instrument is not necessary to conduct a non-judicial foreclosure.  Nor is

21  compliance with the Arizona Uniform Commercial Code necessary to conduct a non-judicial

22  foreclosure of a deed of trust. Hogan v. Washington Mutual Bank, N.A., 227 Ariz. 561, 564-

23  65, 261 P.3d 445, 448-49 (Ct. App. 2011).

24    Plaintiff also contends that, because his loan was securitized, Fannie Mae and

25  defendants had no interest in the note and could not enforce the note or deed of trust.  The

26  theory that securitization renders the note and deed of trust unenforceable has been rejected.

27  See, e.g., Kuc v. Bank of America, NA, No. CV 12-08024-PCT-FJM, 2012 WL 1268126,

28  at *2 (D. Ariz. Apr. 16, 2012).

1    Plaintiff alleges, in counts one and seven, that defendants violated A.R.S. § 33-420
2    by recording false documents.  He asserts that corporate assignments of the deed of trust, a
3    substitution of trustee, and notice of trustee's sale are fraudulent.  While this statute applies
4    to "some sort of document purporting to create an interest, lien, or encumbrance, such as a
5    lis pendens, mechanics lien, or the deed of trust itself," there is "no authority applying this
6    statute to assignments of mortgages and notices of trustee's sales."  Schayes v. Orion Fin.
7    Grp., Inc., No. CV-10-02658-PHX-NVW, 2011 WL 3156303, at *6 (D. Ariz. July 27,
8    2011)).  And as a third-party borrower, plaintiff lacks standing to challenge the validity of
9    allegedly robosigned documents.  In re Mortg. Elec. Registration Sys. (MERS) Litig., 2011
10   WL 4550189, at *5 (D. Ariz. Oct. 3, 2011).  Plaintiff fails to state a claim under A.R.S. § 33-
11   420.

12   Any claims based on allegedly improper notarization fail as well.  Plaintiff claims that
13   the signatory of the corporate assignment from Chase was not physically present before the
14   notary and the notary never required the presentation of identification.  Neither condition is
15   necessary under Arizona law.  A notary need not actually witness a signature or ask for photo
16   identification for the notarization to be effective.  A.R.S. § 33-503.

17   Plaintiff seeks a judgment quieting title in counts one and seven.  Plaintiff admits that
18   he defaulted and has not alleged that he paid his loan or is able to do so.  Quiet title is not an
19   available remedy unless the homeowner alleges that he paid or offered to pay his debt.
20   Farrell v. West, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941).

21   Count two purports to state a claim under A.R.S. § 33-404 for defendants' failure to
22   record a notice of change of beneficiary.  But A.R.S. § 33-404(G) provides that "a trustee
23   under a deed of trust" need not follow the disclosure procedures in this statute.  Plaintiff also
24   alleges in count two that defendant Chase violated the terms of a consent decree between the
25   Comptroller of the Currency and Chase.  Plaintiff lacks standing to state a claim based on the
26   consent order.  The order states that "[n]othing in the Stipulation and Consent or this Order,
27   express or implied, shall give to any person or entity, other than the parties hereto, and their
28   successors hereunder, any benefit or any legal or equitable right, remedy or claim under the

1    Stipulation and Consent or this Order."  Compl., ex. H at 27.

2         In count three, plaintiff claims Fannie Mae lacked authority to appoint First American

3    Title Insurance Company as the successor trustee.  This claim is based on the allegation that,

4    for lack of compliance with A.R.S. § 33-404, MERS was not in the chain of title and could

5    not assign any interest to Fannie Mae.  As discussed above, plaintiff has not stated a claim

6    for violation of A.R.S. § 33-404 because it does not apply to trustees under a deed of trust.

7    In addition, "the failure to record an assignment of a deed of trust . . . does not affect a deed's

8    validity as to the obligor."  In re Vasquez, 228 Ariz. 357, ___, 266 P.3d 1053, 1055 (2011).

9    For this reason, plaintiff's claim in count one that the failure to effectively record assignments

10   impairs the chain of title is also without merit.

11        Count four alleges that Fannie Mae failed to properly transfer the note or assign the

12   deed of trust to the investment vehicle which pooled plaintiff's mortgage loan with other

13   loans.  As a result, he claims investors were harmed because they were deprived of tax

14   benefits.  Whether this is true is irrelevant because plaintiff lacks standing to bring such a

15   claim.  To establish standing, the plaintiff must have suffered an injury in fact, there must be

16   a causal connection between the injury and the conduct complained of, and it must be likely

17   that the injury will be redressed by a favorable decision.  Lujan v. Defenders of Wildlife, 504

18   U.S. 555, 560-61, 112 S. Ct. 2130, 2136 (1992).  Plaintiff cannot demonstrate any "concrete

19   and particularized" harm flowing to him from Fannie Mae's allegedly wrongful acts.  Id. at

20   560, 112 S. Ct. at 2136.  Without such a showing, plaintiff lacks standing.

21        Count five alleges that A.R.S. § 33-811(c) is unconstitutional because it legislatively

22   creates a conclusive evidentiary presumption, a task constitutionally reserved for the Arizona

23   Supreme Court.   Because plaintiff failed to address this count in his response, it is

24   abandoned.

25        Plaintiff's complaint purports to state several causes of action against Fannie Mae, but

26   Fannie Mae is not a defendant in this action.  Plaintiff also asserts claims against Seterus, a

27   named defendant, but there is no evidence that Seterus has been served.  Under Rule 4(m),

28   Fed. R. Civ. P., a defendant must be served within 120 days after the complaint is filed.

1   Plaintiff filed his action on November 18, 2011. The deadline for service has passed.

2         Count six is pled against only Fannie Mae and Seterus.  This claim may be dismissed
3   sua sponte under Rule 12(b)(6), Fed. R. Civ. P. because plaintiff cannot possibly prevail.
4   <u>Omar v. Sea-Land Serv., Inc.</u>, 813 F.2d 986, 991 (9th Cir. 1987).   Count six pleads
5   practically no facts relating to Seterus but seeks declaratory relief and an injunction ordering
6   Seterus to produce the original note.   As discussed above, Arizona does not require
7   production of the original note to non-judicially foreclose.   <u>Diessner v. Mortg. Elec.</u>
8   <u>Registration Sys.</u>, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009).  Nor does Arizona require
9   proof of the right to enforce the note before foreclosure.  As a result, plaintiff's request for
10  an order requiring production of documents tracking transfers of ownership and servicing
11  rights in plaintiff's loan fails to state a claim.  This claim may be dismissed.

12        All other causes of action against Seterus are properly dismissed because plaintiff's
13  claims are not facially plausible and Seterus is in a position similar to that of Chase, the
14  moving defendant.  <u>See</u> <u>Silverton v. Dep't of Treasury</u>, 644 F.2d 1341, 1345 (9th Cir. 1981)
15  ("A District Court may properly on its own motion dismiss an action as to defendants who
16  have not moved to dismiss where such defendants are in a position similar to that of moving
17  defendants or where claims against such defendants are integrally related.").  The remaining
18  defendants (PMI Inc., a defunct corporation, and John Doe, as trustee for investors in an as
19  yet unidentified Residential Mortgage Backed Security) have not been served and may also
20  be dismissed.  Plaintiff's complaint fails to state a claim upon which relief may be granted
21  against all defendants.

22        **IT IS ORDERED GRANTING** defendant's motion to dismiss (doc. 5).

23        **IT IS FURTHER ORDERED DISMISSING** defendants Seterus, PMI, and John
24  Doe.  The clerk shall enter final judgment.

25        DATED this 10th day of May, 2012.

26

27                           *Frederick J. Martone*
                              Frederick J. Martone
28                             United States District Judge